**ORIGINAL**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: Request from The Republic of Latvia pursuant to the Treaty between the United States of America and the Republic of Latvia on Mutual Legal Assistance in Criminal Matters in the Matter of RMKS Ltd. | Case: 2:08-x -50145<br>Judge: Hood, Denise Page<br>Referral MJ: Scheer, Donald A<br>Filed: 02-21-2008 At 09:10 AM<br>POSSIBLE SEALED MATTER (EW) |

### APPLICATION FOR ORDER PURSUANT TO THE TREATY ON MUTUAL LEGAL ASSISTANCE IN CRIMINAL MATTERS AND TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions this Court for an Order, pursuant to Article 5 of the TREATY BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC OF LATVIA ON MUTUAL LEGAL ASSISTANCE ON CRIMINAL MATTERS, signed on June 13, 1997, entered into force September 17, 1999, 28 U.S.C. § 1782, and the Court's own inherent authority, appointing Mark J. Chasteen, Assistant United States Attorney, as commissioner to collect evidence from witnesses and to take such other action as is required to execute the attached request from the Republic of Latvia made pursuant to said Treaty.

Respectfully submitted,

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

By: _____
MARK J. CHASTEEN
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, Michigan 48226
313-226-9555
mark.chasteen@usdoj.gov

February 21, 2008

*[FILED stamp: 2008 FEB 22 P 4:05 U.S. DIST. COURT, EAST. DIST. MICHIGAN, DETROIT]*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:   Request from The Republic of     )
Latvia pursuant to the Treaty              )     Case: 2:08-x-50145
between the United States of               )     Judge: Hood, Denise Page
America and the Republic of                )     Referral MJ: Scheer, Donald A
Latvia on Mutual Legal                     )     Filed: 02-21-2008 At 09:10 AM
Assistance in Criminal Matters             )     POSSIBLE SEALED MATTER (EW)
in the Matter of RMKS Ltd.                 )
                                           )

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a commissioner to collect evidence requested by The Republic of Latvia in its attached request made pursuant to the <u>TREATY BETWEEN THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE REPUBLIC OF LATVIA ON MUTUAL LEGAL ASSISTANCE ON CRIMINAL MATTERS</u>, entered into force September 17, 1999 (hereinafter referred to as the "Treaty").

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>Asakura v. City of Seattle, Washington</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. <u>Zschernig, et al. v. Miller, Administrator, et al.</u>, 389 U.S. 429, 440-441 (1968); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); <u>United States v. Erato</u>, 2 F.3d 11, 15-16 (2d Cir. 1993).

A.  The Treaty

The United States and The Republic of Latvia entered into the Treaty "desiring to improve the effectiveness of the law enforcement authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters. . . ." Preamble to the Treaty. The Treaty obliges each party to provide assistance to the other "in accordance with the provisions of this Treaty, in connection with the investigation, prosecution, and prevention of offenses, and in proceedings related to criminal matters . . . ." Article 1(1); In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities. Article 5(1). Such assistance includes taking testimony or statements of persons, providing documents, records, and articles of evidence, immobilizing assets, and assisting in proceedings related to forfeiture. Article 1(2). See Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty empowers federal district courts to execute treaty requests in order to comply with the United States' treaty obligation. Article 5(1) provides that:

> The competent authorities of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal district courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and either testify or produce items, including documents, records, and other articles of evidence.

B.  Use of the Treaty to Execute Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation.

See Letter of Submittal of the Treaty to the President from the Department of State, March 24, 1998; In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, as the "procedural vehicle" to fulfill their judicial responsibility under the Treaty of executing such requests. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

1. Appointment of a commissioner

Section 1782 provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). With requests from foreign authorities for assistance in criminal matters, a court typically appoints an Assistant U.S. Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant U.S. Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from

the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

    2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a court does specify a procedure other than the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995).

In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003).

    a.    Commissioner's subpoena

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003)(incorporating in pertinent part the district

court's order directing the use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with § 1782. See 28 U.S.C. § 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it).

Article 5(1) of the Treaty provides for the issuance of orders to effectuate the gathering of evidence:

> The competent authorities of the Requested State shall do everything in their power to execute the request. The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

Because the Treaty seeks to provide process comparable to that available with respect to domestic proceedings, a court should authorize service of commissioner's subpoenas anywhere within the territory of the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions pursuant to Rule 17, Federal Rules of Criminal Procedure). The § 1782 limitation on the court's power to compel to "the district in which a person resides or is found" is inoperative in executing a treaty request. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

   b. Notice of evidence taking

Inasmuch as subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), commissioner's subpoenas issued in execution of treaty requests

likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.[1] To the extent that execution of a request entails the production of bank or financial records otherwise covered by the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder inasmuch as the Act does not apply in the execution of foreign legal assistance requests. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letter of Request for Judicial Assistance from the Tribunal Civil De Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

C.  The Present Request

The Prosecutor General's Office, designated as the Central Authority for The Republic of Latvia pursuant to Article 2(1) of the Treaty, has made the instant treaty request in connection with a criminal investigation by Customs Criminal Board of the Republic of Latvia State

---

[1] Generally, U.S. authorities execute requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings. U.S. authorities rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires or to request that U.S. executing authorities follow stated notice procedures when necessary or useful under foreign law or practice. Foreign requests have asked (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

Revenue Service (hereinafter "SRS"). The SRS is investigating the importation of motor vehicles from the United States into the Republic of Latvia using forged or false customs documents and has asked for assistance in obtaining documents and information from the sellers and shippers of such vehicles in the United States, including Cars Overseas Inc., of Commerce Township, Michigan (previously of Walled Lake, Michigan).

Accordingly, to execute this request, the United States moves this Court to issue the attached Order appointing the undersigned Assistant United States Attorney Mark J. Chasteen as commissioner, authorizing the undersigned commissioner to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Respectfully submitted,

STEPHEN J. MURPHY
UNITED STATES ATTORNEY

February 21, 2008

By: _____
MARK J. CHASTEEN
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, Michigan 48226
313-226-9555
mark.chasteen@usdoj.gov